IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 06-404-JJF |
| v. | ) ) | |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., MOTOROLA, INC., PALM, INC., SANYO ELECTRIC CO., LTD., SANYO NORTH AMERICA CORPORATION, CONCORD CAMERA CORPORATION, KYOCERA WIRELESS CORPORATION, VIVITAR CORPORATION, PETTERS GROUP WORLDWIDE, L.L.C., POLAROID CONSUMER ELECTRONICS, L.L.C., POLAROID HOLDING COMPANY, POLAROID CORP., AIPTEK INTERNATIONAL, INC., AIPTEK INC., HIGH TECH COMPUTER CORP., H.T.C. (B.V.I.) CORP., HTC USA INC., DEUTSCHE TELEKOM AG, T-MOBILE INTERNATIONAL AG & CO. KG and T-MOBILE U.S.A., INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**JOINDER OF SANYO ELECTRIC CO., LTD. , SANYO NORTH AMERICA CORPORATION, LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., DEUTSCHE TELEKOM AG, T-MOBILE INTERNATIONAL AG & CO. KG AND T-MOBILE U.S.A., INC. IN MOTOROLA INC.'S OPPOSITION TO ST. CLAIR'S MOTION TO LIFT STAY**

Sanyo Electric Co., Ltd. , Sanyo North America Corporation, LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., INC., Deutsche Telecom AG, T-Mobile International AG & CO. KG and T-Mobile U.S.A., Inc., (collectively, "Defendants"), agree with and join the Opposition of Defendants Motorola,

Inc., *et al.* to Plaintiff St. Clair's Motion to Lift Stay of Litigation, filed on March 18, 2008. Defendants also agree with the additional points made in the Opposition of the defendants in Civil Action No. 04-1436 filed on March 19, 2008 in this Court. The unresolved status of the California ownership dispute, as explained in Motorola, Inc., *et al.*'s opposition, was reconfirmed by the discussion at the March 13, 2008 hearing with the California Superior Court. That Court declined St. Clair's request to dismiss the ownership suit as it was clear that a settlement between Kodak and St. Clair has not been reached. (*See* Ex. A, Transcript of Proceedings of the California Superior Court dated March 13, 2008.) In addition, Defendants makes the following points, which were not raised in Motorola's opposition brief:

St. Clair should be required to disclose any final settlement and license agreements with Kodak before the Court can consider lifting the stay in this action because those agreements would probably be dispositive of whether and how St. Clair now owns the patents-in-suit, and relevant to whether St. Clair had standing to bring this action in November of 2004.

If St. Clair did not possess the necessary rights to the asserted patents at the time it filed this lawsuit, it will have lacked standing to do so, which would require this case to be dismissed. *See Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) ("[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*.") (emphasis in original, citations omitted); *see also Enzo APA & Sons, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092-94 (Fed. Cir. 1998) (licensee lacked standing where there was no written transfer of rights under the patent at the time infringement claims were brought).

Any final settlement and/or license agreements that St. Clair and Kodak enter into relating to the California ownership dispute could bear directly upon whether St. Clair possessed sufficient rights to the asserted patents in November 2004. Indeed, St. Clair arguably did not have standing if those agreements indicate that Kodak has subsequently transferred to St. Clair *any* rights to the patents. *See, e.g., Sicom Systems, Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971 (Fed. Cir. 2005) (explaining that standing requires the possession of "all substantial rights under [a] patent"); *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995) ("As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue."). Thus, any such agreements are highly relevant to the issue of standing.

It is in the parties' and this Court's interest to require the production of these agreements immediately, rather than through written discovery after a lifting of the stay. It would be far more efficient to have any issues related to standing resolved at the outset of this action, before the significant expenditure of time and resources that would result if the stay is lifted and the parties are forced to engage in full-scale discovery regarding infringement, validity, and damages. Moreover, since any St. Clair/Kodak settlement and license agreements are subject to discovery in this action in any event, production of those agreements now will not prejudice St. Clair.[1]

---

[1] Defendants agree to treat any such settlement and license agreements as "Outside Attorneys' Eyes Only."

Accordingly, St. Clair should be required to disclose any final settlement and license agreements with Kodak before the Court can consider lifting the stay in this action.

| ASHBY & GEDDES | YOUNG, CONAWAY, STARGATT & TAYLOR, LLP |
|---|---|
| /s/ *Tiffany Geyer Lydon* | /s/ *Chad Stover* |
| Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Tiffany Geyer Lydon (I.D. #3950)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com | Melanie K. Sharp (I.D. #2501)<br>Chad Stover (I.D. #4919)<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899<br>(302) 571-6600<br>msharp@ycst.com<br>cstover@ycst.com |
| *Attorneys for Defendants Sanyo Electric Co., Ltd. and Sanyo North America Corporation* | *Attorneys for Defendants Deutsche Telekom AG, T-Mobile International AG & Co. and T-Mobile U.S.A., Inc.* |
| *Of Counsel:* | *Of Counsel:* |
| Stuart Lubitz<br>David A. Ben-Meir<br>HOGAN & HARTSON LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>(310) 785-4600 | Kimberly A. Mottley<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA 02110<br>(617) 526-9600 |

BAYARD, P.A.

/s/ *Richard D. Kirk*
_____
Richard D. Kirk (I.D. #922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

*Attorneys For Defendants LG Electronics, Inc., LG Electronics USA, Inc. and LG Electronics Mobilecomm U.S.A., Inc.*

*Of Counsel:*

Anthony C. Roth
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5188

Dated: March 20, 2008

# EXHIBIT A

```
 1          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2               IN AND FOR THE COUNTY OF SANTA CLARA

 3          BEFORE THE HONORABLE JAMES C. EMERSON, JUDGE

 4                          DEPARTMENT 19

 5                            ---o0o---

 6

 7

 8                                    )
     EASTMAN KODAK COMPANY,            )
 9                     Plaintiffs,)
                                       )
10                                     )
     vs.                               )   CASE NO.1-05-CV-039164
11                                     )
     SPEASL,                           )
12                                     )
                                       )
13                     Defendants.)
     _____/
14
                              ---o0o---
15

16            REPORTER'S TRANSCRIPT OF PROCEEDINGS
                       MARCH 13TH, 2008
17

18

19   A P P E A R A N C E S:

20
     FOR THE PLAINTIFFS:          MICHAEL SUMMERSGILL
21                                ATTORNEY AT LAW

22                                AARON JACOBS
                                  ATTORNEY AT LAW
23
     FOR THE DEFENDANTS:          RANDAL EDWARDS
24                                ATTORNEY AT LAW

25                                JAMES MOORE
                                  ATTORNEY AT LAW
26
                                  BECKY THORNTON
27                                ATTORNEY AT LAW

28   OFFICIAL COURT REPORTER:     ALICIA PLANCARTE
                                  CSR# 12161
```

```
 1   SAN JOSE, CALIFORNIA                    MARCH 13TH, 2008
 2
 3                      P R O C E E D I N G S
 4
 5            THE COURT:  Line 14 Kodak versus Speasl.
 6            MR. SUMMERSGILL:  Good morning, your Honor.
 7            Michael Summersgill and Aaron Jacobs on
 8   behalf of Kodak, Mirage, Moussally and Ford.
 9            MR. EDWARDS:  Good morning, your Honor.
10            Randal Edwards on behalf of Marc Roberts,
11   Jerry Speasl, Mat Chikosky.
12            MS. THORNTON:  Good morning, your Honor.
13   Becky Thornton on behalf of St. Clair Intellectual
14   Property Consultants.
15            MR. MOORE:  Good morning, your Honor.  James
16   Moore, local counsel for defendant St. Clair.
17            THE COURT:  Good morning.
18            What's the status of this case?
19            MR. SUMMERSGILL:  Your Honor, this is a
20   dispute over the ownership of patents.  It was mediated
21   on January 15th.  We reached an agreement to settle it
22   and sign a memorandum of understanding with the intent
23   that we would then negotiate a full settlement
24   agreements.  We've been working on that.  We are not
25   there yet.  We think that Kodak, Mirage, Ford and
26   Moussally would like this case to remain open in case
27   the settlement falls apart.  And we need to come back
28   and either litigate the terms of the MOU or ownership.
```

```
 1                  THE COURT:  Was this the case that was
 2   assigned to trial to Judge Kleinberg?
 3                  MR. SUMMERSGILL:  Yes, your Honor.
 4                  MR. EDWARDS:  Yes, your Honor.
 5                  MS. THORNTON:  Yes, your Honor.
 6                  THE COURT:  And you went outside and
 7   resolved it on the eve of trial?
 8                  MR. EDWARDS:  Yes, your Honor.  We mediated
 9   it in front of Magistrate Judge Infante.  And as
10   Mr. Summersgill indicated there's a memo of
11   understanding that's actually agreed to be an
12   enforceable agreement.  The parties have been working
13   on additional documentation, but we have an enforceable
14   agreement at this point.
15                  THE COURT:  All right.
16                  MR. SUMMERSGILL:  And if I can just address
17   the enforceable agreement.  We agreed that the
18   memorandum of understanding is enforceable, but it's
19   the whole memorandum of understanding that's
20   enforceable.  Some of the terms that are fundamental to
21   Kodak and Mirage are -- have not yet been agreed to by
22   the other side so we need more time to kind of work
23   this.
24                  THE COURT:  How much time do you need?
25                  MR. SUMMERSGILL:  I'd like to try and keep
26   it moving along.  I guess I would suggest 30 days.
27                  THE COURT:  Is that too short?  Little
28   happens in 30 days.  I'm glad to do it 30 days, but
```

1  that's just been my experience.
2              MR. SUMMERSGILL:  I -- we had an all day
3  marathon negotiation session yesterday.  I think we are
4  making some progress.  I'd like to keep the pressure on
5  both sides.
6              THE COURT:  Okay.  Fair enough.
7              MS. THORNTON:  Your Honor, I just -- I
8  represent St. Clair.  And the distinction here is that
9  we do have a memorandum of understanding.  We do have a
10 binding agreement.  And so St. Clair believes this
11 matter should be dismissed.  If there's a dispute about
12 the memorandum of understanding for additional terms
13 that were negotiated --
14             THE COURT:  Well, we are not going to do
15 that on this calendar.  I invite you to file any
16 motions.  I don't know if I should do this, but I
17 invite you to file any motions that are appropriate.
18 I'll certainly review those.
19             MS. THORNTON:  Thank you, your Honor.
20             THE COURT:  So let's keep it on a fast
21 track, I like that idea.  And I would encourage you to
22 continue to work hard on this case as I know you have.
23             April 10th at ten o'clock?
24             MR. EDWARDS:  Your Honor, if we could move
25 it one week.  I'm actually scheduled to be out of the
26 country that week.
27             THE COURT:  Sure.  17th, is that acceptable?
28             MR. SUMMERSGILL:  Yes, it is.

```
 1                THE COURT:  All right.  That will be the
 2   order.
 3                MR. MOORE:  Also, your Honor, just point of
 4   information, do you require local counsel to appear at
 5   all hearings or is lead counsel --
 6                THE COURT:  You know, we get a lot of
 7   appearances on Court Call.  This is pretty much is
 8   exactly what it says, a status hearing calendar.  If
 9   someone has the power to report that's fine with me.
10                MR. MOORE:  Okay.  Thank you.
11                THE COURT:  Thank you all.
12                MR. SUMMERSGILL:  Thank you, your Honor.
13
14
15                (Whereupon, the proceedings concluded.)
16
17
18
19
20
21
22
23
24
25
26
27
28
```

```
 1   STATE OF CALIFORNIA      )
                              )
 2   COUNTY OF SANTA CLARA    )

 3

 4         I, Alicia Plancarte, Certified Shorthand Reporter,
 5   do hereby certify:
 6         That I am the reporter, duly appointed and sworn,
 7   who reported the above and foregoing proceedings at the
 8   time and place therein stated;
 9         That I reported the said proceedings; and that the
10   foregoing pages are a full, true, complete and correct
11   transcript of my shorthand notes taken at said time and
12   place to the best of my ability.
13         I further certify that I have complied with CCP
14   237 (A) (2) in that all personal juror identifying
15   information has been redacted, if applicable.
16
17         DATED:  This _____ day of _____, 2008
18
19
20
21
22                            _____
                              ALICIA PLANCARTE
23                            CERTIFIED SHORTHAND REPORTER
                              NO. 12161
24
25
26
27
28
```