IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-404-JJF |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., MOTOROLA, INC., PALM, INC., SANYO ELECTRIC CO., LTD., SANYO NORTH AMERICA CORPORATION, CONCORD CAMERA CORPORATION, KYOCERA WIRELESS CORPORATION, VIVITAR CORPORATION, PETTERS GROUP WORLDWIDE, L.L.C., POLAROID CONSUMER ELECTRONICS, L.L.C., POLAROID HOLDING COMPANY, POLAROID CORP., AIPTEK INTERNATIONAL INC., AIPTEK INC., HIGH TECH COMPUTER CORP., H.T.C. (B.V.I.) CORP., HTC USA INC., DEUTSCHE TELEKOM AG, T-MOBILE INTERNATIONAL AG & CO. KG and T-MOBILE U.S.A., INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

**PLAINTIFF ST. CLAIR'S REPLY IN SUPPORT OF ITS
MOTION TO LIFT THE STAY IN LITIGATION**

The California action settled. Kodak and St. Clair have entered into a binding, enforceable Memorandum of Understanding that resolves all claims between Kodak and St. Clair regarding the Roberts patents. Defendants Motorola Inc., Petters Group Worldwide LLC, Polaroid Consumer Electronics LLC, Polaroid Holding Company, Polaroid Corporation, LG Electronics Inc., LG Electronics USA Inc., LG Electronics Mobilecomm USA Inc., Sanyo North America Corporation, Deutsche Telekom AG, T-Mobile International AG & Co. KG, and T-

Mobile USA Inc. (hereinafter, "Defendants") offer no basis to justify supporting the further stay of this patent infringement case. The stay should be lifted immediately.

I.   **The Condition upon which the Court Based the Stay Has Been Satisfied.**

In 2006, this Court ordered this action stayed, and administratively closed, pending the resolution of the ownership dispute between Kodak and St. Clair in *Eastman Kodak Company v. Speasl*, Case No. 05-39164 (Cal. Sup. Ct.) (formerly styled *Mirage Sys., Inc. v. Speasl*). (D.I. 109, 110.). As St. Clair has advised this Court and as Kodak and St. Clair's joint submission to the International Trade Commission makes clear, all claims between Kodak and St. Clair regarding the Roberts Patents have been resolved:

> The California Court commenced trial proceedings in the California Action in January 2008, the action then settled, and the parties have signed a memorandum of understanding, which is binding under California law. The memorandum of understanding between the parties in the California Action provides for the resolution of all claims between the parties regarding the Roberts Patents . . . .

(Opening Mot. Ex. A.). This Court has already acted on this information to lift the stay in the related Fuji case. (*St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.*, Civil Action No. 03-241-JJF (D. Del.) (March 14, 2008 Order (no document number).). Based upon a joint submission, this Court entered an order lifting the Fuji stay and scheduled a status conference for April 2, 2008. (Civil Action No. 03-241, D.I. 1020.).

Given the fact of the binding, enforceable Memorandum of Understanding, it is irrelevant that the parties may be working on finalizing settlement and licensing documents. *See Kelly v. Greer*, 365 F.2d 669, 671 (3rd Cir. 1966) ("[A] settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party."); *Loppert v. WindsorTech, Inc.*, 865 A.2d 1282, 1285 (Del. Ch. 2004) ("[A] settlement agreement is enforceable as a contract."). There is also no basis for the Defendants to argue that having resolved the California case, new conditions should be imposed on St. Clair before the stay can be lifted. The California action has settled

and the condition supporting the Court's original stay is no longer present. Therefore, the Court should lift the stay in this case so that St. Clair's action currently pending before the Court can finally be resolved.

## II. Defendants' Arguments Are Not Relevant to the Question of Lifting the Stay.

Defendants' arguments in opposing the stay are completely irrelevant to St. Clair's Motion. Indeed, Defendants' standing argument (which St. Clair disputes) only serves to confirm that the stay should be lifted so that claims and defenses can be raised and resolved in an open case.[1] Likewise, while the Memorandum of Understanding may be discoverable subject matter if the stay is lifted, details of the settlement are irrelevant to the pending motion.[2] What is relevant now is that *all claims between the parties to the California action have been resolved.* Since that has occurred, there is no basis for the stay to continue.

## III. St. Clair Will Be Unduly Prejudiced if the Court Does Not Lift the Stay.

In this case, a continued stay will result in significant damage, hardship, and inequities to St. Clair. *NeoMagic Corp. v Trident Microsystems, Inc.*, No. CIV. A. 98-699, 2001 WL 1064812, at *2 (D. Del. Sept. 7, 2001) ("In determining whether to grant a stay, a district court weighs the possible damages, hardship, and inequities to the parties to the lawsuit against the possibility that a stay will conserve resources and simplify the issues in question and the trial of the case."). Continued delay of these actions brings the Roberts patents closer to their 2010

---

[1] Although irrelevant at this stage, as the assignee of record to the Roberts patents in the United States Patent and Trademark Office, St. Clair has established a *prima facie* case of standing. (Am. Compl. ¶¶ 17-22, D.I. 4.). This Court has already ruled that St. Clair has made a sufficient showing of ownership to move forward with its infringement actions. (*St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.*, No. 03-241 (D. Del.), D.I. 812.).

[2] Kodak has not consented to any disclosure of the MOU. In a March 20, 2008 response to correspondence from St. Clair, Kodak stated: "Voluntarily disclosing the MOU to the District of Delaware will violate the explicit terms of the MOU and therefore constitute a material breach." (Ex. A.).

expiration date, which unduly prejudices St. Clair's ability to enforce its intellectual property rights.

## V.     Lifting the Stay Now Will Best Conserve Resources and Serve the Interests of Justice.

Lifting the stay will result in an efficient resolution of this case, allowing the parties to receive the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. St. Clair's infringement action can proceed without foreclosing Defendants from working with the applicable rules and pretrial litigation processes to make discovery of the facts and resolution of the issues as efficient as possible.

## CONCLUSION

St. Clair respectfully requests that the Court grant its motion to lift the stay in litigation.

/s/ C.M.S.

Frederick L. Cottrell, III, Esq. (#2555)
cottrell@rlf.com
Chad M. Shandler, Esq. (#3796)
shandler@rlf.com
RICHARDS, LAYTON, & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

OF COUNSEL:
Ronald J. Schutz, Esq.
Becky R. Thorson, Esq.
Annie Huang, Esq.
David B. Zucco, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
(612) 349-8500

**ATTORNEYS FOR ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.**

Dated:  March 28, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2008 I electronically filed the Notice of Withdrawal of Counsel with the Clerk of the Court using CM/ECF..

I further certify that I caused copies of the Notice of Withdrawal to be served on March 28, 2008 in the manner indicated to:

**For Aiptek International Inc. and Aiptek Inc.:**
**VIA First Class Mail**
Charlin Chen
Aiptek International Inc.
No. 19, Industry E. Rd. 4
Science-Based Industrial Park, Hsin-Chu
Taiwan

**For Concord Camera Corporation:**
**VIA First Class Mail**
Scott L. Lampert
Vice President and General Counsel
Concord Camera Corp.
4000 Hollywood Blvd., Ste. 650N
Hollywood, FL 33021

**For High Tech Computer Corp., H.T.C. (B.V.I.) Corp., and HTC USA Inc.:**
**VIA First Class Mail**
Hsin Wang
Patent Attorney, Legal Department
High Tech Computer Corp.
23 Hsin Hua Rd., Taoyuan 330,
Taiwan (R.O.C.)

**For Kyocera Wireless Corporation:**
**VIA First Class Mail**
David C. Doyle
Morrison & Foerster
12531 High Bluff Drive, Suite 100
San Diego, CA 92130

**For LG Electronics, Inc., LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc.:**
**VIA Hand Delivery**
Richard D. Kirk
Bayard, P.A.
222 Delaware Avenue
P.O. Box 900
Wilmington, DE 19801

**VIA First Class Mail**
Anthony C. Roth
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

**For Motorola, Inc., Petters Group Worldwide, LLC, Polaroid Consumer Electronics, LLC, Polaroid Holding Company and Polaroid Corp.:**
**VIA Hand Delivery**
Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell, L.L.P.
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

| | |
|---|---|
| **For Palm, Inc.:**<br>**VIA First Class Mail**<br>Bob Booth<br>Palm, Inc.<br>950 West Maude Avenue<br>Sunnyvale, CA 94085 | **For Deutsche Telekom AG, T-Mobile International AG & Co. KG and T-Mobile U.S.A., Inc.:**<br>**VIA Hand Delivery**<br>Melanie K. Sharp<br>Chad S.C. Stover<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19801 |
| **For Sanyo Electric Co., Ltd. and Sanyo North America Corporation:**<br>**VIA Hand Delivery**<br>Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899 | **VIA First Class Mail**<br>Steven M. Bauer<br>Proskauer Rose LLP<br>One International Place<br>Boston, MA 02110 |
| **VIA First Class Mail**<br>Stuart Lubitz<br>Hogan & Hartson LLP<br>1999 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067 | **For Vivitar Corporation:**<br>**VIA First Class Mail**<br>Michael Miller<br>General Counsel<br>SYNTAX-BRILLIAN<br>1600 N. Desert Drive<br>Tempe, AX 85281 |

/s/ Frederick L. Cottrell, III

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

**ATTORNEYS FOR ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.**

2

RLF1-3266335-1

# EXHIBIT A

# WILMERHALE

Michael J. Summersgill

+1 617 526 6261 (t)
+1 617 526 5000 (f)
michael.summersgill@wilmerhale.com

March 20, 2008

Becky Thorson, Esq.
Robins Kaplan Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Re: *Kodak v. Speasl*, No. 1:05-cv-039164 (Cal. Super.); *St. Clair v. Samsung*, C.A. No. 04-1436 (D. Del.)

Dear Becky:

I write in response to your letter of March 20, 2008, in which you state that St. Clair "needs" to file the MOU with the United States District Court for the District of Delaware. Voluntarily disclosing the MOU to the District of Delaware will violate the explicit terms of the MOU and therefore constitute a material breach. St. Clair cannot simultaneously breach the MOU while claiming the benefit of the MOU. Accordingly, Kodak opposes St. Clair's motion.

Very truly yours,

Michael J. Summersgill

cc: Vito DeBari, Esq.
    Naikang Tsao, Esq.
    David Ben-Meir, Esq.
    John Desmarais, Esq.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109
Beijing   Berlin   Boston   Brussels   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

USIDOCS 6603838v1