IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | |
| Plaintiff, | |
| v. | C.A. No. 06-404-JJF-LPS |
| PALM, INC., SANYO ELECTRIC CO., LTD., SANYO NORTH AMERICA CORPORATION, CONCORD CAMERA CORPORATION, KYOCERA WIRELESS CORPORATION, KYOCERA SANYO TELECOM, INC., VIVITAR CORPORATION, PETTERS GROUP WORLDWIDE, L.L.C., POLAROID CONSUMER ELECTRONICS, L.L.C., POLAROID HOLDING COMPANY, POLAROID CORP., AIPTEK INTERNATIONAL INC., AIPTEK INC., HTC CORPORATION, H.T.C. (B.V.I.) CORP., HTC AMERICA INC., and T-MOBILE U S.A., INC., | |
| Defendants. | |

**ANSWER OF DEFENDANT KYOCERA COMMUNICATIONS INC.
(FORMERLY KNOWN AS KYOCERA SANYO TELECOM INC.)
TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant Kyocera Communications Inc. ("Kyocera Communications"), formerly known as Kyocera Sanyo Telecom Inc., by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and hereby answers each of the numbered paragraphs of St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair's") Second Amended Complaint for Patent Infringement, filed on March 9, 2009, as follows:

1.      On information and belief, Kyocera Communications admits that the Michigan Corporation Division lists St. Clair Intellectual Property Consultants, Inc. as a corporation organized under the laws of Michigan with a registered office address of 16845 Kercheval

Avenue, Suite Two, Grosse Pointe, Michigan, 48320.  Kyocera Communications lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations

in Paragraph 1 and therefore denies them.

       2.      The allegations in Paragraph 2 are directed to other Defendants.  To the extent

that a response is required, Kyocera Communications lacks knowledge or information sufficient

to form a belief about the truth of the allegations in Paragraph 2 and therefore denies them.

       3.      The allegations in Paragraph 3 are directed to other Defendants.  To the extent

that a response is required, Kyocera Communications lacks knowledge or information sufficient

to form a belief about the truth of the allegations in Paragraph 3 and therefore denies them.

       4.      The allegations in Paragraph 4 are directed to other Defendants.  To the extent

that a response is required, Kyocera Communications lacks knowledge or information sufficient

to form a belief about the truth of the allegations in Paragraph 4 and therefore denies them.

       5.      Kyocera Communications admits that Kyocera Wireless Corp. is a Delaware

corporation having its principal place of business at 10300 Campus Point Drive, San Diego, CA

92121.

       6.      Kyocera Communications denies that its name is Kyocera Sanyo Telecom Inc.

and that its principal place of business is at 21605 Plummer Street, Chatsworth, CA 91311.

Kyocera Communications admits that it is a Delaware corporation.  Further answering, Kyocera

Communications states that, as of April 1, 2009, it changed its name from Kyocera Sanyo

Telecom Inc. to Kyocera Communications Inc. and its principal place of business to 10300

Campus Point Drive, San Diego, CA 92121.

       7.      Kyocera Communications admits that Kyocera International, Inc. is the parent

company of Kyocera Wireless Corp. and Kyocera Communications.  Kyocera Communications

further admits that Kyocera International, Inc. is the North American regional holding company for Japan-based Kyocera Corporation.  Kyocera Communications further admits that Kyocera Corporation is Kyocera International, Inc.'s parent company.  Except as expressly admitted, Kyocera Communications denies the remaining allegations of Paragraph 7.

8.      The allegations in Paragraph 8 are directed to other Defendants.  To the extent that a response is required, Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9.      The allegations in Paragraph 9 are directed to other Defendants.  To the extent that a response is required, Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10.      The allegations in Paragraph 10 are directed to other Defendants.  To the extent that a response is required, Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies them.

11.      The allegations in Paragraph 11 are directed to other Defendants.  To the extent that a response is required, Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12.      The allegations in Paragraph 12 are directed to other Defendants.  To the extent that a response is required, Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

13.      Kyocera Communications admits that this purports to be an action for patent infringement arising under the Acts of Congress relating to patents, including Title 35 United States Code § 271 and §§ 281-285.  Kyocera Communications admits that this Court has subject matter jurisdiction over Kyocera Communications under the provisions of Title 28 United States

DB02:8041391.1                                                                                                    067589.1001

Code § 1338(a).  Kyocera Communications denies that it has committed or continues to commit, or has contributed or continues to contribute to, acts of infringement in this District, but admits that personal jurisdiction and venue over Kyocera Communications are proper in this district because Kyocera Communications is a Delaware corporation.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 13.  To the extent the allegations in Paragraph 13 are directed to other Defendants, Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies them.

14.     Kyocera Communications admits that U.S. Patent No. 5,138,459 ("'459 Patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" and issued on August 11, 1992.  Kyocera Communications admits that the face of the patent lists Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as the inventors and Personal Computer Cameras, Inc. as the assignee.  Kyocera Communications denies that the inventors validly assigned the patent to Personal Computer Cameras, Inc. and that Personal Computer Cameras, Inc. ever owned the '459 Patent.  Except as expressly admitted, Kyocera Communications denies the remaining allegations of Paragraph 14.

15.     Kyocera Communications denies that St. Clair acquired ownership of the '459 Patent, or any of the other patents-in-suit, from Personal Computer Cameras, Inc.  Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 and therefore denies them.

16.     Kyocera Communications admits that U.S. Patent No. 6,094,219 ("'219 Patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" and issued on July 25, 2000.  Kyocera Communications admits that the

face of the patent lists Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as the inventors and St. Clair as the assignee. Kyocera Communications denies that the inventors validly assigned the patent to St. Clair and that St. Clair owned the '219 Patent at the time it issued. Except as expressly admitted, Kyocera Communications denies the remaining allegations of Paragraph 16.

17.     Kyocera Communications admits that U.S. Patent No. 6,233,010 ("'010 Patent") was entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" when it issued on May 15, 2001. Kyocera Communications admits that the face of the patent lists Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as the inventors and St. Clair as the assignee. Kyocera Communications denies that the patent was validly assigned to St. Clair and that St. Clair owned the '010 Patent at the time it issued. Except as expressly admitted, Kyocera Communications denies the remaining allegations of Paragraph 17.

18.     Kyocera Communications admits that U.S. Patent No. 6,323,899 ("'899 Patent") is entitled "Process for Use in Electronic Camera" and issued on November 27, 2001. Kyocera Communications admits that the face of the patent lists Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as the inventors and St. Clair as the assignee. Kyocera Communications denies that the patent was validly assigned to St. Clair and that St. Clair owned the '219 Patent at the time it issued. Except as expressly admitted, Kyocera Communications denies the remaining allegations of Paragraph 18.

19.     Kyocera Communications denies that St. Clair was the owner of the '459, '219, '010 and '899 patents (collectively, the "patents-in-suit") prior to May 14, 2008. Kyocera

067589.1001

Communications lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 and therefore denies them.

20.      On information and belief, Kyocera Communications admits that this Court construed some claim terms of the patents-in-suit by a Memorandum Opinion and Order dated September 3, 2002 in the matter of *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp.*, Civil Action No. 01-557-JJF.  Except as expressly admitted, Kyocera Communications denies the remaining allegations of Paragraph 20.

21.      Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22.      Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies them.

23.      On information and belief, Kyocera Communications admits that this Court construed some claim terms of the patents-in-suit by a Memorandum Opinion and Order dated August 31, 2004 in the matter of *St. Clair Intellectual Property Consultants, Inc. v. Canon Inc.*, Civil Action No. 03-241 JJF.  Except as expressly admitted, Kyocera Communications denies the remaining allegations of Paragraph 23.

24.      Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25.      Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26.      Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

DB02:8041391.1                                                                                                                                067589.1001

27.     Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them.

29.     On information and belief, Kyocera Communications admits that Kyocera Corporation of Japan entered into an agreement with St. Clair to license the patents-in-suit, but that this license did not include wireless phones.

30.     Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore denies them.

31.     Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies them.

32.     Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies them.

33.     Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies them.

34.     Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore denies them.

35.     Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and therefore denies them.

36.     On information and belief, Kyocera Communications admits that Sony Corporation requested reexamination of the patents-in-suit.  On information and belief, Kyocera Communications further admits that on August 10, 2005, the USPTO issued Notices of Intent to Issue Ex Parte Reexamination Certificates for the '219 and '459 Patents and that on April 3,

067589.1001

2006, the USPTO issued Notices of Intent to Issue Ex Parte Reexamination Certificates for the

'010 and '899 Patents.  Kyocera Communications admits that the USPTO reexamination

proceedings confirmed the patentability of all claims of the patents-in-suit.  Except as expressly

admitted, Kyocera Communications denies the remaining allegations of Paragraph 36.

  37. Kyocera Communications denies each and every allegation of Paragraph 37 that

is directed to Kyocera Communications, including that Kyocera Communications has directly,

contributorily, or by inducement infringed one or more of the claims of the patents-in-suit.  To

the extent the allegations in Paragraph 37 are directed to other Defendants, Kyocera

Communications lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 37 and therefore denies them.

  38. Kyocera Communications denies each and every allegation of Paragraph 38 that

is directed to Kyocera Communications, including that Kyocera Communications has induced

infringement of one or more claims of the patents-in-suit.  To the extent the allegations in

Paragraph 38 are directed to other Defendants, Kyocera Communications lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 38 and

therefore denies them.

  39. Kyocera Communications denies each and every allegation of Paragraph 39 that

is directed to Kyocera Communications, including that Kyocera Communications has infringed

the patents-in-suit, that Kyocera Communications has injured St. Clair, and that Kyocera

Communications will cause St. Clair irreparable injury and damage in the future unless it is

enjoined.  To the extent the allegations in Paragraph 39 are directed to other Defendants,

Kyocera Communications lacks knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 39 and therefore denies them.

    

40.     Kyocera Communications denies each and every allegation of Paragraph 40 that is directed to Kyocera Communications, including that Kyocera Communications has willfully, deliberately, and intentionally infringed the claims of the patents-in-suit. To the extent the allegations in Paragraph 40 are directed to other Defendants, Kyocera Communications lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies them.

41.     No response is required to Paragraph 41. Kyocera Communications hereby demands a jury trial on all issues that are triable to a jury.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Kyocera Communications asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Second Amended Complaint, and each cause of action therein, fails to state any claims against Kyocera Communications upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (License)

Kyocera Communications is licensed to the patents-in-suit pursuant to a license agreement between Kyocera Corp. and Eastman Kodak Co.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

Kyocera Communications has not directly infringed, indirectly infringed, contributed to, or induced the infringement of any valid, assertable claim of the patents-in-suit, and has not otherwise committed any acts in violation of 35 U.S.C. §§ 271 or 281.

DB02:8041391.1                                   067589.1001

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

By reason of the proceedings in the PTO, including the prosecution of the applications which resulted in the patents-in-suit and the reexamination of the patents-in-suit, and by reason of elections, positions, concessions, representations, and statements therein taken or made by or on behalf of the applicants for such patents, St. Clair is estopped from construing the claims of the patents-in-suit, even if it were otherwise possible, to cover and include any products made, used, or sold by Kyocera Communications or any acts by Kyocera Communications.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalidity)

Claims of the patents-in-suit are void, invalid, and unenforceable for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SIXTH AFFIRMATIVE DEFENSE
### (Damages Barred by Lack of Notice)

St. Clair's claim for damages is barred, in whole or in part, by a failure to satisfy the requirements of 35 U.S.C. § 287(a).

## SEVENTH AFFIRMATIVE DEFENSE
### (Costs Unavailable)

On information and belief, St. Clair is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

St. Clair is barred from asserting the patents-in-suit against Kyocera Communications to the extent that it unreasonably delayed in filing suit against Kyocera Communications.

DB02:8041391.1                                   067589.1001

## NINTH AFFIRMATIVE DEFENSE
### (Estoppel)

St. Clair is estopped from asserting the patents-in-suit against Kyocera Communications.

## TENTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

St. Clair is barred by prosecution laches from asserting the patents-in-suit against Kyocera Communications because it unreasonably delayed in the prosecution of the patents-in-suit.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Miscellaneous)

Kyocera Communications reserves the right to assert any other defenses that discovery may reveal.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Kyocera Communications for its Counterclaim alleges as follows and hereby demands a jury trial on all issues so triable:

1. Kyocera Communications incorporates and realleges paragraphs 1-41 of its Answer and each of its affirmative defenses.

2. Kyocera Communications is a Delaware company having its principal place of business at 10300 Campus Point Drive, San Diego, CA 92121.

3. St. Clair alleges in its Complaint that it is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Grosse Pointe, Michigan 48230-1551.

DB02:8041391.1

067589.1001

## COUNT 1
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '459 PATENT

4.      Kyocera Communications incorporates and realleges paragraphs 1-41 of its

Answer, each of its affirmative defenses, and paragraphs 1-3 of its Counterclaim.

5.      By its Complaint, St. Clair alleges that Kyocera Communications has infringed

the '459 Patent, and that as the owner of the '459 Patent, it is entitled to relief for Kyocera

Communications' alleged infringement of that patent.  Kyocera Communications has denied

these allegations and contends that it does not infringe the '459 Patent or any valid asserted claim

thereof.  A justiciable controversy therefore exists between St. Clair and Kyocera

Communications.  Because this counterclaim arises under the Patent Laws, Title 35 of the United

States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a), and 28 U.S.C. § 2201 *et seq.*

6.      By this Counterclaim, Kyocera Communications seeks a declaratory judgment

pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '459 Patent or any valid asserted

claim thereof.

7.      A judicial declaration is necessary and appropriate at this time in order that

Kyocera Communications may ascertain its rights and duties with respect to the '459 Patent.

## COUNT 2
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '219 PATENT

8.      Kyocera Communications incorporates and realleges paragraphs 1-41 of its

Answer, each of its affirmative defenses, and paragraphs 1-7 of its Counterclaim.

9.      By its Complaint, St. Clair alleges that Kyocera Communications has infringed

the '219 Patent, and that as the owner of the '219 Patent, it is entitled to relief for Kyocera

Communications' alleged infringement of that patent.  Kyocera Communications has denied

067589.1001

these allegations and contends that it does not infringe the '219 Patent or any valid asserted claim thereof. A justiciable controversy therefore exists between St. Clair and Kyocera Communications. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

10.     By this Counterclaim, Kyocera Communications seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '219 Patent or any valid asserted claim thereof.

11.     A judicial declaration is necessary and appropriate at this time in order that Kyocera Communications may ascertain its rights and duties with respect to the '219 Patent.

**COUNT 3**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '010 PATENT**

12.     Kyocera Communications incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-11 of its Counterclaim.

13.     By its Complaint, St. Clair alleges that Kyocera Communications has infringed the '010 Patent, and that as the owner of the '010 Patent, it is entitled to relief for Kyocera Communications' alleged infringement of that patent. Kyocera Communications has denied these allegations and contends that it does not infringe the '010 Patent or any valid asserted claim thereof. A justiciable controversy therefore exists between St. Clair and Kyocera Communications. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

14.     By this Counterclaim, Kyocera Communications seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '010 Patent or any valid asserted claim thereof.

15.     A judicial declaration is necessary and appropriate at this time in order that Kyocera Communications may ascertain its rights and duties with respect to the '010 Patent.

## COUNT 4
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '899 PATENT

16.     Kyocera Communications incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-15 of its Counterclaim.

17.     By its Complaint, St. Clair alleges that Kyocera Communications has infringed the '899 Patent, and that as the owner of the '899 Patent, it is entitled to relief for Kyocera Communications' alleged infringement of that patent.  Kyocera Communications has denied these allegations and contends that it does not infringe the '899 Patent or any valid asserted claim thereof.  A justiciable controversy therefore exists between St. Clair and Kyocera Communications.  Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

18.     By this Counterclaim, Kyocera Communications seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '899 Patent or any valid asserted claim thereof.

19.     A judicial declaration is necessary and appropriate at this time in order that Kyocera Communications may ascertain its rights and duties with respect to the '899 Patent.

DB02:8041391.1
067589.1001

## COUNT 5
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF THE '459 PATENT

20.     Kyocera Communications incorporates and realleges paragraphs 1-41 of its

Answer, each of its affirmative defenses, and paragraphs 1-19 of its Counterclaim.

21.     By its Complaint, St. Clair alleges that the '459 Patent is valid and enforceable.

Kyocera Communications has denied these allegations and contends that the '459 Patent and any

claim thereof is void, invalid, and unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112.

A justiciable controversy therefore exists between St. Clair and Kyocera Communications with

respect to this issue.  Because this Counterclaim arises under the Patent Laws, Title 35 of the

United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a), and 28 U.S.C. § 2201 et seq.

22.     By this Counterclaim, Kyocera Communications seeks a declaratory judgment

pursuant to 28 U.S.C. § 2201(a) that the '459 Patent and any claim thereof is void,

unenforceable, and invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

23.     A judicial declaration is necessary and appropriate at this time in order that

Kyocera Communications may ascertain its rights and duties with respect to the '459 Patent.

## COUNT 6
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF THE '219 PATENT

24.     Kyocera Communications incorporates and realleges paragraphs 1-41 of its

Answer, each of its affirmative defenses, and paragraphs 1-23 of its Counterclaim.

25.     By its Complaint, St. Clair alleges that the '219 Patent is valid and enforceable.

Kyocera Communications has denied these allegations and contends that the '219 Patent and any

claim thereof is void, invalid, and unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112.

A justiciable controversy therefore exists between St. Clair and Kyocera Communications with

15

respect to this issue.  Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

26.     By this Counterclaim, Kyocera Communications seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '219 Patent and any claim thereof is void, unenforceable, and invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

27.     A judicial declaration is necessary and appropriate at this time in order that Kyocera Communications may ascertain its rights and duties with respect to the '219 Patent.

## COUNT 7
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF THE '010 PATENT

28.     Kyocera Communications incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-27 of its Counterclaim.

29.     By its Complaint, St. Clair alleges that the '010 Patent is valid and enforceable. Kyocera Communications has denied these allegations and contends that the '010 Patent and any claim thereof is void, invalid, and unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112. A justiciable controversy therefore exists between St. Clair and Kyocera Communications with respect to this issue.  Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

30.     By this Counterclaim, Kyocera Communications seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '010 Patent and any claim thereof is void, unenforceable, and invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

31.     A judicial declaration is necessary and appropriate at this time in order that Kyocera Communications may ascertain its rights and duties with respect to the '010 Patent.

16

## COUNT 8
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF THE '899 PATENT

32.     Kyocera Communications incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-31 of its Counterclaim.

33.     By its Complaint, St. Clair alleges that the '899 Patent is valid and enforceable. Kyocera Communications has denied these allegations and contends that the '899 Patent and any claim thereof is void, invalid, and unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112. A justiciable controversy therefore exists between St. Clair and Kyocera Communications with respect to this issue.  Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

34.     By this Counterclaim, Kyocera Communications seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '899 Patent and any claim thereof is void, unenforceable, and invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

35.     A judicial declaration is necessary and appropriate at this time in order that Kyocera Communications may ascertain its rights and duties with respect to the '899 Patent.

### DEMAND FOR JURY TRIAL

36.     Kyocera Communications demands a trial by jury of any and all issues triable as of right by a jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Kyocera Communications requests that the Court award the following relief:

DB02:8041391.1                                                                                    067589.1001

A.      Dismiss St. Clair's Complaint with prejudice and find that St. Clair takes nothing by its claims;

B.      Enter judgment in favor of Kyocera Communications and against St. Clair on all claims in the Complaint;

C.      Declare that Kyocera Communications has not infringed the patents-in-suit or any valid asserted claim therein;

D.      Declare that the patents-in-suit, or some or all of the claims therein, are void, invalid and unenforceable;

E.      Enjoin St. Clair, its assigns, and all those in privity therewith from asserting the patents-in-suit against Kyocera Communications or any of its customers or suppliers;

F.      Find this case an exceptional case and award Kyocera Communications attorneys' fees and costs (including expert fees) under 35 U.S.C. § 285; and

G.      Grant such other and further relief as the Court deems just and proper.


                          YOUNG CONAWAY STARGATT &
                          TAYLOR, LLP

                          John W. Shaw (No. 3362)
                          Karen E. Keller (No. 4489)
                          Megan C. Haney (No. 5016)
                          1000 West Street
                          Brandywine Building, 17th Floor
                          Wilmington, DE 19801
                          (302) 571-6600
                          kkeller@ycst.com

OF COUNSEL:

MORRISON & FOERSTER LLP
David C. Doyle
M. Andrew Woodmansee
Philip A. Morin
Greg Reilly
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
(858) 720-5100
greilly@mofo.com

*Attorneys for Defendant Kyocera Communications Inc.,*
*formerly known as Kyocera Sanyo Telecom Inc.*

067589.1001

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 8, 2009, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Frederick L. Cottrell, III, Esquire
Chad M. Shandler, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

*Attorneys for Plaintiff St. Clair Intellectual Property Consultants Inc.*

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

*Attorney for Petters Group Worldwide, LLC, Polaroid Consumer Electronics, LLC, Polaroid Holding Company and Polaroid Corporation*

John G. Day, Esquire
Ashby & Geddes PA
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Attorney for Sanyo Electric Co. LTD. and Sanyo North America Corporation, Aiptek International Inc., Aiptek Inc., HTC Corp., HTC (BVI) Corp. and HTC America Inc.*

Melanie K. Sharp, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

*Attorney for T-Mobile USA, Inc.*

Stephen James MacKenzie, Esquire
Gerard M. O'Rourke, Esquire
Womble Carlyle Sandridge & Rice
222 Delaware Avenue
Wilmington, DE  19801

*Attorneys for Concord Camera Corp.*

I further certify that on April 8, 2009, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record, on counsel for defendants on the agreed e-mail groups by electronic mail and on the following:

George H. Seitz, III, Esquire
Patricia Pyles McGonigle, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
*gseitz@svglaw.com*
*pmcgonigle@svglaw.com*

*Attorneys for Plaintiff St. Clair Intellectual Property Consultants Inc. in C.A. Nos. 04-1436-JJF-LPS and 06-403-JJF-LPS*

Ronald J. Schutz, Esquire
Annie Huang, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
*ahuang@rkmc.com*
*rjschutz@rkmc.com*

*Attorneys for Plaintiff St. Clair Intellectual Property Consultants Inc.*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
Megan C. Haney (No. 5016) [mhaney@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

2