IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., : : : | |
| Plaintiff, : : | |
| v. : | Civil Action No. 06-404-JJF-LPS |
| PALM, INC., et al., : : : | |
| Defendants. : | |

### MEMORANDUM ORDER

Pending before the Court is a Motion For Leave To File A Third Amended Complaint (D.I. 161) filed by Plaintiff, St. Clair Intellectual Property Consultants, Inc. ("St. Clair"). In particular, St. Clair seeks to add a willful infringement claim against Defendants H.T.C. (B.V.I.) Corporation and HTC America, Inc. (collectively, "HTC"). With the exception of HTC, no other party has filed an opposition to the Motion.

In response to St. Clair's Motion, HTC contends that leave to amend should not be granted because St. Clair did not move for a preliminary injunction as required by the Federal Circuit's decision in *In re Seagate,* 497 F.3d 1360 (Fed. Cir. 2007). HTC also contends that the claim construction rendered by the United States Patent and Trademark Office ("PTO") differs from the construction rendered by this Court in related litigation involving the patents-in-suit and, therefore, St. Clair cannot, as a matter of law, establish an "objectively high likelihood of infringement of a valid patent" as required by *Seagate.* In addition, HTC contends that leave to amend should not be granted because St. Clair unduly delayed in filing its amendment, improperly bases its amendment on evidence the Court has found to be inadmissible in a related

trial, and failed to meet and confer with HTC.

With the exception of its last argument concerning the parties' meet and confer obligations, HTC essentially reiterates arguments that I have rejected in the context of adjudicating a similar dispute in St. Clair Intellectual Property Consultants, Inc. v. Matsushita Electronic Industrial Co., Civ. Act. No. 04-1436-JJF-LPS. St. Clair's Motion To Amend comes within the time frame for amendments I set in the Scheduling Order. Further, there is no *per se* requirement for a plaintiff to file for preliminary injunctive relief before raising a willful infringement claim. *See, e.g., Krippelz v. Ford Motor Co.*, No. 98 C 2361, 2009 WL 7994952, *4 (N.D. Ill. Mar. 25, 2009) ("[T]he proposition that failure to seek a preliminary injunction constitutes a forfeit of a claim for willful infringement is neither an absolute nor a general rule applicable to all patent cases."); *Novartis Pharms. Corp. v. Teva Pharms USA, Inc.*, No. 05-CV-1887 (DMC), 2009 WL 483865, *3 (D.N.J. Feb. 25, 2009) (recognizing the difficulty plaintiff faced in attempting to satisfy the requirements of *Seagate* in light of the denial of preliminary injunctive relief, but holding that *Seagate* does not require a *per se* rule requiring dismissal of a willful infringement claim based on the denial of a request for preliminary injunction). In addition, there is no *per se* rule that reexamination proceedings preclude a plaintiff from asserting a claim for willful infringement. I cannot conclude at this juncture as a matter of law that St. Clair is precluded from establishing "an objectively high likelihood of infringement of a valid patent," particularly in light of the fact that here the PTO ultimately issued reexamination certificates for each of the patents-in-suit without any amendment to the claims. *See generally Ultratech Int'l, Inc. v. Aqua-Leisure Indus., Inc. v. Swimways Corp.*, No. 3:05-cv-134-J-25MCR (M.D. Fla. Mar. 3, 2009) (allowing amendment after PTO issued

reexamination certificates and holding that "[d]efendant's continued use of the . . . [p]atent could be reasonably considered 'objectively reckless'"). Additionally, I find that St. Clair has properly pled its willful infringement claims.

As for St. Clair's compliance with Del. L.R. 7.1.1., I note that St. Clair initiated contact with HTC by letter dated March 30, 2009, and HTC responded with an e-mail inquiring why St. Clair failed to include this claim earlier. (D.I. 185, Exhs. 1 & 2) HTC's e-mail response was sent on March 30, 2009 at 3:45 p.m. Less than 24 hours later, at 10:53 a.m. on March 31, 2009, HTC sent an e-mail stating, "As we have not yet heard from you, our position is that HTC opposes the amendment of the complaint to add a willfulness allegation against it." (D.I. 185, Exh. 3) Given that HTC did not afford St. Clair a reasonable opportunity to respond to its initial e-mail, I cannot fault St. Clair for construing HTC's second e-mail as an indication that further discussions regarding the amendments would have been futile. Accordingly, I cannot conclude in these circumstances that St. Clair failed to comply with its meet and confer obligations under Del. L.R. 7.1.1.

In sum, I conclude that St Clair has satisfied the liberal requirements of Fed. R. Civ. P. 15(a) and HTC has not established undue delay, undue prejudice, bad faith, or futility. Accordingly, I will grant St. Clair's Motion For Leave To Amend.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Leave To File A Third Amended Complaint (D.I. 161) is **GRANTED**.

2. The Clerk shall docket the proposed Third Amended Complaint attached as Exhibit 1 to the Motion, and the Third Amended Complaint shall be deemed filed and served as of the date of this Order.

Dated: June 10, 2009

_____
The Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE