## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PALM, INC., SANYO ELECTRIC CO., LTD., SANYO NORTH AMERICA CORPORATION, CONCORD CAMERA CORPORATION, KYOCERA WIRELESS CORPORATION, KYOCERA SANYO TELECOM, INC., VIVITAR CORPORATION, PETTERS GROUP WORLDWIDE, L.L.C., POLAROID CONSUMER ELECTRONICS, L.L.C., POLAROID HOLDING COMPANY, POLAROID CORP., AIPTEK INTERNATIONAL INC., AIPTEK INC., HTC CORPORATION, H.T.C. (B.V.I.) CORP., HTC AMERICA INC., AND T-MOBILE U.S.A., INC., <br><br> Defendants. | Civil Action No. 06-404-JJF-LPS <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT HTC CORPORATION'S, H.T.C. (B.V.I.) CORPORATION'S, AND HTC AMERICA INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO ST. CLAIR'S THIRD AMENDED COMPLAINT

Defendant HTC Corporation, H.T.C.(B.V.I.) Corporation, and HTC America Inc. (collectively "HTC") respond to the Third Amended Complaint ("Complaint") for Patent Infringement filed by plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") on June 10, 2009, with the following Answer, Defenses, and Counterclaims:

### GENERAL DENIAL

Unless specifically admitted below, HTC denies each and every allegation set forth in the Complaint.

## RESPONSE TO PARTIES

1.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and on that basis denies these allegations.

2.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

3.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

4.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

5.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

6.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

7.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

8.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

9.      HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

10.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

11.     HTC admits that HTC Corporation is a corporation organized and existing under the laws of Taiwan, and has its principal place of business at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan, R.O.C. HTC America, Inc.  HTC admits that HTC (B.V. I.) is a British Virgin Island corporation and has its principal place of business at Caribbean Corporate Services Limited, Road Town, Virgin Islands UK.  HTC admits that HTC America, Inc. is a corporation organized and existing under the laws of the State of Texas, and has its principal place of business at 13920 Southeast Eastgate Way, Suite 400, Bellevue, Washington 98005.

12.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, which are directed to another Defendant, and on that basis denies these allegations.

## RESPONSE TO JURISDICTION, VENUE, AND OTHERS

13.     HTC admits that this action purports to arise under the United States Patent Laws, 35 U.S.C. §1 et seq. and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  HTC denies that it committed acts of infringement and denies any such acts were committed within the State of Delaware, the District of Delaware, or anywhere else.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to HTC in paragraph 13 of the Complaint, and on that basis denies these allegations.  As to the allegations in paragraph 13 of the Complaint, which are directed to other Defendants, HTC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies these allegations.

14.     HTC admits that United States Patent No. 5,138,459 ("'459 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output." HTC admits that the '459 patent lists August 11, 1992 as an issue date, Personal Computer Cameras, Inc. as an assignee, and Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as named inventors. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and on that basis denies these allegations.

15.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies these allegations.

16.     HTC admits that United States Patent No. 6,094,219 ("219 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output." HTC admits that the '219 patent lists July 25, 2000 as an issue date, St. Clair as an assignee, and Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasi as named inventors. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint, and on that basis denies these allegations.

17.     HTC admits that United States Patent No. 6,233,010 ("010 patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output." HTC admits that the'010 patent lists May 15, 2001 as an issue date, St. Clair as an assigne, and Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasi as named inventors. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, and on that basis denies these allegations.

18.     HTC admits that United States Patent No. 6,323,899 ("899 patent") is entitled "Process For Use In Electronic Camera." HTC admits that the '899 patent lists November 27,

2001 as an issue date, St. Clair as an assignee, and Mare K. Roberts, Matthew A. Chikosky and Jerry A. Speasi as named inventors. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint, and on that basis denies these allegations.

19.     HTC denies that St. Clair was the owner of the '459, '219, '010, and '899 patents (collectively "patents-in-suit") prior to May 14, 2008. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint, and on that basis denies these allegations.

20.     HTC admits that this Court construed some claim terms of the patents-in-suit by a Memorandum Opinion and Order dated September 3, 2002 in the matter of *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp.*, Civil Action No. 01-557-JJF. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint, and on that basis denies these allegations.

21.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis denies these allegations.

22.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis denies these allegations.

23.     HTC admits that this Court construed some claim terms of the patents-in-suit by a Memorandum Opinion and Order dated August 31, 2004 in the matter of St. Clair Intellectual Property Consultants, Inc. v. Canon Inc., Civil Action No. 03-241 HF. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint, and on that basis denies these allegations.

24.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis denies these allegations.

25.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis denies these allegations.

26.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis denies these allegations.

27.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis denies these allegations.

28.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis denies these allegations.

29.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis denies these allegations.

30.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and on that basis denies these allegations.

31.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and on that basis denies these allegations.

32    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and on that basis denies these allegations.

33.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and on that basis denies these allegations.

34.    HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and on that basis denies these allegations.

35.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and on that basis denies these allegations.

36.     HTC admits that Sony Corporation requested reexamination of the patents-in-suit; on August 10, 2005, the USPTO issued Notices of Intent to Issue Ex Pane Reexamination Certificates for the '219 and '45 Patents; and on April 3, 2006, the USPTO issued Notices of Intent to Issue Ex Parte Reexamination Certificates for the 010 and '899 Patents.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 36 of the Complaint, and on that basis denies this allegation.

37.     HTC denies each and every allegation of paragraph 37 of the Complaint that is directed to HTC.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, which are directed to other Defendants, and on that basis denies these allegations.

38.     HTC denies each and every allegation of paragraph 38 of the Complaint that is directed to HTC.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, which are directed to other Defendants, and on that basis denies these allegations.

39.     HTC denies each and every allegation of paragraph 39 of the Complaint that is directed to HTC.  HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, which are directed to other Defendants, and on that basis denies these allegations.

40.     HTC denies each and every allegation of paragraph 40 of the Complaint that is directed to HTC.  HTC lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 40 of the Complaint, which are directed to other Defendants, and

on that basis denies these allegations.

## RESPONSE TO JURY DEMAND

41.    HTC admits that St. Clair has demanded a jury trial.  HTC also demands a trial by

jury on all issues so triable.

## RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

42.    HTC denies that St. Clair is entitled to any relief whatsoever against HTC in this

action, either as requested in its Complaint or otherwise.  St. Clair is further precluded from

seeking recovery of its costs under 35 U.S.C. § 288.  HTC lacks knowledge or information

sufficient to form a belief as to whether St. Clair is entitled to any relief against other Defendants

in this action.

## HTC'S AFFIRMATIVE DEFENSES

43.    Without conceding that any of the following necessarily must be pleaded as an

affirmative defense, or that any of the following are not already at issue by virtue of the

foregoing denials, and without prejudice to HTC's right to plead additional defenses as discovery

into the facts of the matter warrant, HTC hereby asserts the following affirmative defenses:

### First Affirmative Defense
### (Failure to State a Claim)

44.    As a First and Separate Affirmative Defense to the Complaint, HTC alleges that

the Complaint fails to state a claim upon which relief may be granted and fails to set forth facts

sufficient to state a claim for relief against HTC.

## Second Affirmative Defense
### (No Direct Infringement)

45.     As a Second and Separate Affirmative Defense to the Complaint, HTC alleges
that its products and its processes have not infringed, are not now infringing, and are not
threatening to infringe upon any valid and enforceable claim of the '459 Patent, the '219 Patent,
the '010 Patent or the '899 Patent, either literally or under the doctrine of equivalents.

## Third Affirmative Defense
### (No Indirect Infringement)

46.     As a Third and Separate Affirmative Defense to the Complaint, HTC alleges that
it has neither contributed to the infringement of, nor induced another to infringe, the '459 Patent,
the '219 Patent, the '010 Patent or the '899 Patent.

## Fourth Affirmative Defense
### (Patent Invalidity)

47.     As a Fourth and Separate Affirmative Defense to the Complaint, HTC alleges that
the '459 Patent, the '219 Patent, the '010 Patent and the '899 Patent are invalid for failure to
comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Fifth Affirmative Defense
### (Limitation on Damages)

48.     As a Fifth and Separate Affirmative Defense to the Complaint, at least a portion
of Plaintiff's claim for damages is barred by the time limitation on damages set forth in 35
U.S.C. §287.

## Sixth Affirmative Defense
### (Unclean Hands)

49.     As a Sixth and Separate Affirmative Defense to the Complaint, HTC alleges that
Plaintiff's claims are barred by unclean hands.

## Seventh Affirmative Defense
### (Prosecution History Estoppel)

50.     As a Seventh and Separate Affirmative Defense to the Complaint, HTC alleges that Plaintiff's claims are barred by prosecution history estoppel.

## Eighth Affirmative Defense
### (Equitable Estoppel)

51.     As an Eighth and Separate Affirmative Defense to the Complaint, HTC alleges that Plaintiff's claims are barred by equitable estoppel.

## Ninth Affirmative Defense
### (Laches)

52.     As a Ninth and Separate Affirmative Defense to the Complaint, HTC alleges that Plaintiff's claims are barred by the doctrine of laches.

## Tenth Affirmative Defense
### (Prosecution History Estoppel)

53.     As a Tenth and Separate Affirmative Defense to the Complaint, St. Clair is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by HTC because of admissions, amendments, and statements to the PTO during prosecution of the application leading to the issuance of the patents-in-suit, disclosure or language in the specification of the patents-in-suit, and/or limitations in the claims of the patents-in-suit.

## Eleventh Affirmative Defense
### (Lack of Ownership)

54.     As an Eleventh and Separate Affirmative Defense to the Complaint, St. Clair lacked ownership or other rights in the patents-in-suit at the time the Complaint was filed and this Court therefore lacks subject matter jurisdiction over the subject matter of the Complaint.

## Twelfth Affirmative Defense
### (Dedication to the Public)

55.     As a Twelfth and Separate Affirmative Defense to the Complaint, the relief

sought by St. Clair is barred, in whole or in part, because embodiments not literally claimed by

the patents-in-suit were dedicated to the public.

## Thirteenth Affirmative Defense
### (Prosecution Laches)

56.     As a Thirteenth and Separate Affirmative Defense to the Complaint, the relief

sought by St. Clair is barred, in whole or in part, because of the delay in prosecuting the '219,

'010 and '899 patents.

## Fourteenth Affirmative Defense
### (Inequitable Conduct)

57.     As a Fourteenth and Separate Affirmative Defense to the Complaint, HTC alleges

that the patents-in-suit are unenforceable as a result of inequitable conduct during the

prosecution of the application that led to the patents-in-suit and the doctrine of infectious

unenforceability.

58.     On information and belief, the inventor of the patents-in-suit, the assignee of the

patents-in-suit, and/or counsel and other persons associated with the filing and prosecution of the

application that led to the patents-in-suit (collectively, the "Applicant"), knowingly failed to

appropriately disclose material information to the United States Patent and Trademark Office

("USPTO") with the intent to deceive the USPTO.  Such material information included, but was

not limited to, the best mode for producing the claimed invention; U.S. Patent No. 4,262,301 to

Erlichman; the Canon XapShot camera; the Dycam Model 1 camera; U.S. Patent No. 4,074,324

to Barrett; U.S. Patent No. 4,131,919 to Lloyd; U.S. Patent No. 4,302,776 to Taylor; U.S. Patent

No. 4,420,773 to Toyoda; U.S. Patent No. 4,571,638 to Schneider; U.S. Patent No. 4,614,977 to

Kawahara; U.S. Patent No. 4,803,554 to Pape; U.S. Patent No. 4,827,347 to Bell; U.S. Patent

No. 4,829,383 to Harase; U.S. Patent No. 4,837,628 to Sasaki; U.S. Patent No. 4,847,677 to

Music; U.S. Patent No. 4,905,092 to Koshiishi; U.S. Patent No. 4,943,850 to Asalda; U.S. Patent

No. 4,963,986 to Fukutama; U.S. Patent No. 4,972,266 to Tani; U.S. Patent No. 5,018,017 to

Sasaki; U.S. Patent No. 5,032,927 to Watanabe; U.S. Patent No. 5,138,459 to Roberts; U.S.

Patent No. 5,164,831 to Kuchta; U.S. Patent No. 5,170,262 to Kinoshita; U.S. Patent No.

5,231,501 to Sakai; 63-284987 JP; 90330076.5 EPO; 0390421/A1 EPA; Robinson, Phillip, The

Still Video Picture: Numerous Uses For Still Video Technology, COMPUTER GRAPHICS

WORLD, vol. 13 no. 2, Feb. 1991, at 69; Eikonix, New Release, Atlanta GA, Sep, 1988;

Electronics World & Wireless World, Oct. 1990; Holland, Samuel D., Digital Electronic Still

Camera, NASA TECH BRIEFS, June 1999, at 39; How Sony Beat Digital-Camera Rivals, THE

WALL STREET JOURNAL, Jan. 25, 1999, at B1; Izawa, F. et al., Digital Still Video Camera

Using Semiconductor Memory Card, IEEE TRANSACTIONS ON CONSUMER

ELECTRONICS, Feb. 1990; Laser Focus World, ELECTRONIC IMAGING, Apr. 1990, at 72;

MACINTOSH, System Software User's Guide, ver. 6.0, 1988; Personal VisionTM, Live

Video/Frame Grabber For Macintosh II, Orange Micro , Inc., 1989 (collectively, the "Relevant

Information").

59.     Each reference of the Relevant Information was published before Nov. 20, 1990

and thus is prior art to the patents-in-suit.  However, Relevant Information was never disclosed

to the USPTO during the prosecution of the application that matured into the patents-in-suit.

60.     On information and belief, the Applicant knew that he was subject to the duty of

candor under Rule 56 and knew of his duty to cite material prior art references and other material

information to the USPTO during the prosecution of the patents-in-suit.

61.     On information and belief, the Applicant knew, or should have known, that the Relevant Information was highly material to the patentability of the subject matter claimed in the patents-in-suit and should have disclosed to the USPTO Examiner for his consideration in determining whether or not to allow and issue the claims in the patents-in-suit.

62.     On information and belief, Applicant intentionally withheld the Relevant Information from the USPTO with the intent to mislead and deceive the USPTO.

63.     Under the doctrine of infectious unenforceability, when inequitable conduct is found in an application that issues as a patent, that misconduct may taint or "infect" closely related patents and render them unenforceable.  All four patents-in-suit were issued from applications that have continuation relationships with each other.  Therefore, the patents-in-suit have an immediate and necessary relation with each other.  As a result, if any one of the patents-in-suit is found to have inequitable conduct, the others of the patents-in-suit are also unenforceable under the doctrine of infectious unenforceability.

## HTC'S COUNTERCLAIMS AND JURY DEMAND

64.     Pursuant to Federal Rule of Civil Procedure 13, Counter-Plaintiffs HTC Corporation, H.T.C.(B.V.I.) Corporation, and HTC America Inc. (collectively "HTC") brings these counterclaims against St. Clair Intellectual Property Consultants, Inc. ("St. Clair") for a declaration that HTC's products do not infringe the United States Patent Nos. 5,138,459 ("'459 patent"); 6,094,219 ("219 patent"); 6,233,010 ("010 patent"); and 6,323,899 ("899 patent") (collectively "patents-in-suit") purportedly owned by St. Clair, that the patents-in-suit are invalid, and that the patents-in-suit are unenforceable.

## THE PARTIES

65.     Paragraphs 1 through 64 are incorporated by reference as though fully pleaded herein.

66.     Defendant HTC Corporation is a corporation organized and existing under the laws of Taiwan, and has its principal place of business at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan, R.O.C. HTC America, Inc.  Defendant HTC (B.V. I.) is a British Virgin Island corporation and has its principal place of business at Caribbean Corporate Services Limited, Road Town, Virgin Islands UK.  Defendant HTC America, Inc. is a corporation organized and existing under the laws of the State of Texas, and has its principal place of business at 13920 Southeast Eastgate Way, Suite 400, Bellevue, Washington 98005.  HTC Corporation manufactures and sells cell phones.

67.     According to its Complaint, St. Clair is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Grosse Pointe, Michigan 48230-1551.

68.     Upon information and belief, St. Clair does not manufacture or sell any consumer products.  Its sole business is to obtain and attempt to license or enforce intellectual property rights.

## THE PATENTS-IN-SUIT

69.     St. Clair alleges in its Complaint that it is the sole holder of all right, title and interest in the '459 patent entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," the '219 patent entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output," the '010 patent entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital

Format Output," and the '899 patent entitled "Process For Use In Electronic Camera" (collectively the "patents-in-suit").

## JURISDICTION AND VENUE

70.     On or about June 26, 2006, St. Clair commenced this civil action for infringement of the patents-in-suit by filing its Complaint in this action against HTC.   As a result, there is an actual justiciable controversy between St. Clair and HTC concerning whether HTC infringes any valid and enforceable claim of the patents-in-suit.

71.     This Court has personal jurisdiction over St. Clair because St. Clair submitted to this Court's jurisdiction by bringing the instant action.   Subject matter and personal jurisdiction are proper for purposes of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

72.     In its counterclaims, HTC seeks to obtain a judgment declaring that the patents-in-suit are invalid, unenforceable and/or not infringed by HTC.   These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, sections 2201 and 2202, and Title 35 of the United States Code.   This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), 1367 and 2201 *et seq.*

73.     Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d) and § 1400(b).

## NATURE OF THE ACTION

74.     As described below, HTC seeks a declaratory judgment that the claims of the patents-in-suit are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, are unenforceable due to inequitable conduct, and are not infringed by HTC.   An actual controversy over the validity and enforceability of the patents at issue and their alleged

infringement exists between HTC and St. Clair, as evidenced by the fact that St. Clair filed the

instant case against HTC asserting infringement of these patents.

## GENERAL ALLEGATIONS

75.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling HTC to an

award of its attorneys' fees.

76.     HTC expressly reserves the right to amend these Counterclaims to add declaratory

judgment counts based on the future discovery in this lawsuit.

## COUNTERCLAIM COUNT I
### *Declaratory Judgment of Non-infringement*

77.     HTC re-alleges and incorporates by reference its allegations in paragraphs 1

through 76 above as if fully set forth herein.

78.     HTC has not infringed, and does not infringe, any valid or enforceable claim of

the '459 patent, the '219 patent, the '010 patent or the '899 patent, either directly or indirectly,

contributorily or by inducement, literally or under the doctrine of equivalents.

79.     There exists an actual and justiciable controversy between St. Clair and HTC

concerning whether HTC infringes or has infringed the patents-in-suit.  Absent a declaration of

non-infringement, St. Clair will continue to wrongfully assert the patents-in-suit against HTC, in

violation of the laws and contrary to the public policy of the United States, and will thereby

continue to cause HTC irreparable injury and damage.  HTC is therefore entitled to a judicial

declaration that the patents-in-suit are not infringed.

## COUNTERCLAIM COUNT II
### *Declaratory Judgment of Invalidity*

80.     HTC re-alleges and incorporates by reference its allegations in paragraphs 1

through 79 above as if fully set forth herein.

81.     The '459 patent, the '219 patent, the '010 patent and the '899 patent, and each claim thereof, are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

82.     There exists an actual and justiciable controversy between St. Clair and HTC concerning the validity of the patents-in-suit.  Absent a declaration of invalidity, St. Clair will continue to wrongfully assert the patents-in-suit against HTC, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause HTC irreparable injury and damage.  HTC is therefore entitled to a judicial declaration that the patents-in-suit are invalid.

## COUNTERCLAIM COUNT III
### *Declaratory Judgment of Unenforceability*

84.     HTC re-alleges and incorporates by reference its allegations in paragraphs 1 through 83 above as if fully set forth herein.

85.     The patents-in-suit are unenforceable due at least to St. Clair's unclean hands and due to inequitable conduct committed before the USPTO and the doctrine of infectious unenforceability.  As set forth in detail above, during the prosecution of the patents-in-suit, the inventors and/or other individuals subject to the duty of candor under Rule 56 knowingly failed to disclose material prior art and/or other material facts to the USPTO, in violation of their duty of candor under Rule 56.

86.     The patents-in-suit inventors and their attorneys were aware of the undisclosed prior art and/or material facts during the prosecution of the patents-in-suit, were aware of the materiality of the information, and did not disclose it to the USPTO, with the intent to deceive the USPTO.

87.     All four patents-in-suit were issued from the applications that have continuation relationships with each other.   Therefore, the patents-in-suit have an immediate and necessary relation with each other.   As a result, any one of the patents-in-suit is found to have inequitable conduct, the others of the patents-in-suit are also unenforceable under the doctrine of infectious unenforceability.

88.     There exists an actual and justiciable controversy between St. Clair and HTC concerning the enforceability of the patents-in-suit.   Absent a declaration of unenforceability, St. Clair will continue to wrongfully assert the patents-in-suit against HTC, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause HTC irreparable injury and damage.   HTC is therefore entitled to a judicial declaration that the patents-in-suit are unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, HTC prays this Court for the following relief:

1.     Entering judgment against Plaintiff and in favor of HTC with respect to Plaintiff's Complaint, HTC's affirmative defenses, and HTC's Counterclaims;

2.     St. Clair's Complaint against HTC be dismissed in its entirely with prejudice;

3.     All damages, injunctive relief, costs, expenses, attorneys' fees, or other relief sought by St. Clair be denied;

4.     A declaration that HTC and its customers, affiliates, and those in privity with them do not infringe and have not infringed any claim of the '459, '219, '010, and '899 patents;

5.     A declaration that products manufactured, sold, offered for sale, used, imported or otherwise provided by HTC do not infringe and have not infringed any of the claims of the '459, '219, '010, and '899 patents;

6.     A declaration that one or more claims of the '459, '219, '010, and '899 patents are invalid;

7.     A declaration that the '459, '219, '010, and '899 patents are unenforceable;

8.     Enjoining Plaintiff, its assigns, licensees, and all those in privity therewith from asserting the '459, '219, '010, and '899 patents against HTC or its customers, affiliates, and all others in privity with them;

9.     Enjoining Plaintiff, its assigns, licensees, and all those in privity therewith from asserting the '459, '219, '010, and '899 patents against products manufactured, sold, offered for sale, used, imported or otherwise provided by HTC;

10.    An award of damages that HTC has sustained;

11.    A declaration that this case is exceptional under 35 U.S.C. § 285, and HTC should be awarded its reasonable attorneys' fees, costs, and expenses incurred in connection with this action; and

12.    All other such relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Defendants HTC demands a jury trial on all issues so triable.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com
chong@ashby-geddes.com

*Attorneys for Defendants HTC Corporation,*
*H.T.C. (B.V.I.) Corporation, and*
*HTC America, Inc.*

*Of Counsel:*

Richard de Bodo
Robert J. Benson
Huan-Yi Lin
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067

Dated:  December 18, 2009