IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 06-404-JJF-LPS |
| PALM, INC., KYOCERA WIRELESS CORPORATION, KYOCERA COMMUNICATIONS, INC. ( f/k/a KYOCERO SANYO TELECOM, INC.), VIVITAR CORPORATION, PETTERS GROUP WORLDWIDE, L.L.C., POLAROID CONSUMER ELECTRONICS, L.L.C., POLAROID HOLDING COMPANY, POLAROID CORP., HTC CORP., H.T.C. (B.V. I.) CORP., and HTC AMERICA INC., | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**DEFENDANT PALM, INC.'S ANSWER TO
<u>PLAINTIFF'S THIRD AMENDED COMPLAINT AND COUNTERCLAIM</u>**

Defendant Palm, Inc. ("Palm"), by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and hereby answers each of the numbered paragraphs of St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair's") Third Amended Complaint for Patent Infringement, filed on June 10, 2009, as follows:

1. On information and belief, Palm admits that the Michigan Corporation Division lists St. Clair Intellectual Property Consultants, Inc. as a corporation organized under the laws of Michigan with a registered office address of 16845 Kercheval Avenue, Suite Two, Grosse Pointe, Michigan, 48320. Palm lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and therefore denies them.

2. Palm admits that it is a Delaware corporation having its principal place of business at 950 West Maude Avenue, Sunnyvale, California 94085.

3. The allegations in Paragraph 3 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore denies them.

4. The allegations in Paragraph 4 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and therefore denies them.

5. The allegations in Paragraph 5 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them.

6. The allegations in Paragraph 6 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies them.

7. The allegations in Paragraph 7 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies them.

8. The allegations in Paragraph 8 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9. The allegations in Paragraph 9 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10. The allegations in Paragraph 10 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies them.

11. The allegations in Paragraph 11 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12. The allegations in Paragraph 12 are directed to other Defendants. To the extent that a response is required, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

13. Palm admits that this purports to be an action for patent infringement arising under the Acts of Congress relating to patents, including Title 35 United States Code § 271 and §§ 281-285. Palm admits that it is a Delaware corporation. Palm denies that it has committed or continues to commit, or has contributed or continues to contribute to, acts of infringement in this District. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 13. To the extent the allegations in Paragraph 13 are directed to other Defendants, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies them.

14. Palm admits that U.S. Patent No. 5,138,459 ("'459 Patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" and issued on August 11, 1992. Palm admits that the face of the patent lists Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as the inventors and Personal Computer Cameras, Inc. as the assignee. Except as expressly admitted, Palm denies the remaining allegations of Paragraph 14.

15. Palm denies that St. Clair acquired ownership of the '459 Patent from Personal Computer Cameras, Inc. Palm lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 and therefore denies them.

16. Palm admits that U.S. Patent No. 6,094,219 ("'219 Patent") is entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" and issued on July 25, 2000. Palm admits that the face of the patent lists Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as the inventors and St. Clair as the assignee. Except as expressly admitted, Palm denies the remaining allegations of Paragraph 16.

17. Palm admits that U.S. Patent No. 6,233,010 ("'010 Patent") was entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" when it issued on May 15, 2001. Palm admits that the face of the patent lists Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as the inventors and St. Clair as the assignee. Except as expressly admitted, Palm denies the remaining allegations of Paragraph 17.

18. Palm admits that U.S. Patent No. 6,323,899 ("'899 Patent") is entitled "Process for Use in Electronic Camera" and issued on November 27, 2001. Palm admits that the face of the patent lists Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl as the inventors and St. Clair as the assignee. Except as expressly admitted, Palm denies the remaining allegations of Paragraph 18.

19. Palm denies that St. Clair was the owner of the '459, '219, '010 and '899 patents (collectively, the "patents-in-suit") prior to May 14, 2008. Palm lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 and therefore denies them.

20. On information and belief, Palm admits that this Court construed some claim terms of the patents-in-suit by a Memorandum Opinion and Order dated September 3, 2002 in the matter of *St. Clair Intellectual Property Consultants, Inc. v. Sony Corp.*, Civil Action No. 01-557-JJF. Except as expressly admitted, Palm denies the remaining allegations of Paragraph 20.

21. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies them.

23. On information and belief, Palm admits that this Court construed some claim terms of the patents-in-suit by a Memorandum Opinion and Order dated August 31, 2004 in the matter of *St. Clair Intellectual Property Consultants, Inc. v. Canon Inc.*, Civil Action No. 03-241 JJF. Except as expressly admitted, Palm denies the remaining allegations of Paragraph 23.

24. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

27. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

28. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them.

29. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore denies them.

30. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore denies them.

31. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies them.

32. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies them.

33. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies them.

34. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore denies them.

35. Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and therefore denies them.

36. On information and belief, Palm admits that Sony Corporation requested reexamination of the patents-in-suit. On information and belief, Palm further admits that on August 10, 2005, the USPTO issued Notices of Intent to Issue Ex Parte Reexamination Certificates for the '219 and '459 Patents and that on April 3, 2006, the USPTO issued Notices of Intent to Issue Ex Parte Reexamination Certificates for the '010 and '899 Patents. Except as expressly admitted, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and therefore denies them.

37. Palm denies each and every allegation of Paragraph 37 that is directed to Palm, including that Palm has directly, contributorily, or by inducement infringed one or more of the

claims of the patents-in-suit. To the extent the allegations in Paragraph 37 are directed to other Defendants, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and therefore denies them.

38. Palm denies each and every allegation of Paragraph 38 that is directed to Palm, including that Palm has induced infringement of one or more claims of the patents-in-suit. To the extent the allegations in Paragraph 38 are directed to other Defendants, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore denies them.

39. Palm denies each and every allegation of Paragraph 39 that is directed to Palm, including that Palm has infringed the patents-in-suit, that Palm has injured St. Clair, and that Palm will cause St. Clair irreparable injury and damage in the future unless it is enjoined. To the extent the allegations in Paragraph 39 are directed to other Defendants, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies them.

40. Palm denies each and every allegation of Paragraph 40 that is directed to Palm, including that Palm has willfully, deliberately, and intentionally infringed the claims of the patents-in-suit. To the extent the allegations in Paragraph 40 are directed to other Defendants, Palm lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies them.

41. No response is required to Paragraph 41. Palm hereby demands a jury trial on all issues that are triable to a jury.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Palm asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Third Amended Complaint, and each cause of action therein, fails to state any claims against Palm upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Palm has not directly infringed, indirectly infringed, contributed to, or induced the infringement of any valid, assertable claim of the patents-in-suit, and has not otherwise committed any acts in violation of 35 U.S.C. §§ 271 or 281.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

By reason of the proceedings in the PTO, including the prosecution of the applications which resulted in the patents-in-suit and the reexamination of the patents-in-suit, and by reason of elections, positions, concessions, representations, and statements therein taken or made by or on behalf of the applicants for such patents, St. Clair is estopped from construing the claims of the patents in suit, even if it were otherwise possible, to cover and include any products made, used, or sold by Palm or any acts by Palm.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

Claims of the patents-in-suit are void, invalid, and unenforceable for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Damages Barred by Lack of Notice)

St. Clair's claim for damages is barred, in whole or in part, by a failure to satisfy the requirements of 35 U.S.C. § 287(a).

## SIXTH AFFIRMATIVE DEFENSE
### (Costs Unavailable)

On information and belief, St. Clair is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

St. Clair is barred from asserting the patents-in-suit against Palm to the extent that it unreasonably delayed in filing suit against Palm.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

St. Clair is estopped from asserting the patents-in-suit against Palm.

## NINTH AFFIRMATIVE DEFENSE
### (Implied License)

St. Clair's claims are barred by the existence of an implied license that arose by equitable estoppel, acquiescence, conduct, and/or legal estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

St. Clair's claims are barred by the doctrine of unclean hands.

DB02:9054438.1 061961.1002

### ELEVENTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

St. Clair is barred by prosecution laches from asserting the patents-in-suit against Palm because it unreasonably delayed in the prosecution of the patents-in-suit.

### TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Ownership)

St. Clair did not own the patents-in-suit at the time it filed this lawsuit and therefore lacks standing to assert patent infringement by Palm.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Miscellaneous)

Palm reserves the right to assert any other defenses that discovery may reveal.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

Palm for its Counterclaim alleges as follows and hereby demands a jury trial on all issues so triable:

1. Palm incorporates and realleges paragraphs 1-41 of its Answer and each of its affirmative defenses.

2. Palm is a Delaware corporation having its principal place of business at 950 West Maude Avenue, Sunnyvale, California 94085.

3. St. Clair alleges in its Complaint that it is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Grosse Pointe, Michigan 48230-1551.

### COUNT 1
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '459 PATENT

4. Palm incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-3 of its Counterclaim.

5. By its Complaint, St. Clair alleges that Palm has infringed the '459 Patent, and that as the owner of the '459 Patent, it is entitled to relief for Palm's alleged infringement of that patent. Palm has denied these allegations and contends that it does not infringe the '459 Patent or any valid asserted claim thereof. A justiciable controversy therefore exists between St. Clair and Palm. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

6. By this Counterclaim, Palm seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '459 Patent or any valid asserted claim thereof.

7. A judicial declaration is necessary and appropriate at this time in order that Palm may ascertain its rights and duties with respect to the '459 Patent.

## COUNT 2
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '219 PATENT

8. Palm incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-7 of its Counterclaim.

9. By its Complaint, St. Clair alleges that Palm has infringed the '219 Patent, and that as the owner of the '219 Patent, it is entitled to relief for Palm' alleged infringement of that patent. Palm has denied these allegations and contends that it does not infringe the '219 Patent or any valid asserted claim thereof. A justiciable controversy therefore exists between St. Clair and Palm. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

10. By this Counterclaim, Palm seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '219 Patent or any valid asserted claim thereof.

11. A judicial declaration is necessary and appropriate at this time in order that Palm may ascertain its rights and duties with respect to the '219 Patent.

### COUNT 3
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '010 PATENT

12. Palm incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-11 of its Counterclaim.

13. By its Complaint, St. Clair alleges that Palm has infringed the '010 Patent, and that as the owner of the '010 Patent, it is entitled to relief for Palm's alleged infringement of that patent. Palm has denied these allegations and contends that it does not infringe the '010 Patent or any valid asserted claim thereof. A justiciable controversy therefore exists between St. Clair and Palm. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

14. By this Counterclaim, Palm seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '010 Patent or any valid asserted claim thereof.

15. A judicial declaration is necessary and appropriate at this time in order that Palm may ascertain its rights and duties with respect to the '010 Patent.

### COUNT 4
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '899 PATENT

16. Palm incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-15 of its Counterclaim.

17. By its Complaint, St. Clair alleges that Palm has infringed the '899 Patent, and that as the owner of the '899 Patent, it is entitled to relief for Palm's alleged infringement of that patent. Palm has denied these allegations and contends that it does not infringe the '899 Patent

or any valid asserted claim thereof. A justiciable controversy therefore exists between St. Clair and Palm. Because this counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

18. By this Counterclaim, Palm seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '899 Patent or any valid asserted claim thereof.

19. A judicial declaration is necessary and appropriate at this time in order that Palm may ascertain its rights and duties with respect to the '899 Patent.

### COUNT 5
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '459 PATENT

20. Palm incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-19 of its Counterclaim.

21. By its Complaint, St. Clair alleges that the '459 Patent is valid and enforceable. Palm has denied these allegations and contends that the '459 Patent and any claim thereof is void, invalid, and unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112. A justiciable controversy therefore exists between St. Clair and Palm with respect to this issue. Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

22. By this Counterclaim, Palm seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '459 Patent and any claim thereof is void and invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

23. A judicial declaration is necessary and appropriate at this time in order that Palm may ascertain its rights and duties with respect to the '459 Patent.

## COUNT 6
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '219 PATENT

24.     Palm incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-23 of its Counterclaim.

25.     By its Complaint, St. Clair alleges that the '219 Patent is valid and enforceable. Palm has denied these allegations and contends that the '219 Patent and any claim thereof is void, invalid, and unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112. A justiciable controversy therefore exists between St. Clair and Palm with respect to this issue. Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

26.     By this Counterclaim, Palm seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '219 Patent and any claim thereof is void and invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

27.     A judicial declaration is necessary and appropriate at this time in order that Palm may ascertain its rights and duties with respect to the '219 Patent.

## COUNT 7
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '010 PATENT

28.     Palm incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-27 of its Counterclaim.

29.     By its Complaint, St. Clair alleges that the '010 Patent is valid and enforceable. Palm has denied these allegations and contends that the '010 Patent and any claim thereof is void, invalid, and unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112. A justiciable controversy therefore exists between St. Clair and Palm with respect to this issue. Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has

DB02:9054438.1

061961.1002

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

30. By this Counterclaim, Palm seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '010 Patent and any claim thereof is void and invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

31. A judicial declaration is necessary and appropriate at this time in order that Palm may ascertain its rights and duties with respect to the '010 Patent.

## COUNT 8
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '899 PATENT

32. Palm incorporates and realleges paragraphs 1-41 of its Answer, each of its affirmative defenses, and paragraphs 1-31 of its Counterclaim.

33. By its Complaint, St. Clair alleges that the '899 Patent is valid and enforceable. Palm has denied these allegations and contends that the '899 Patent and any claim thereof is void, invalid, and unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112. A justiciable controversy therefore exists between St. Clair and Palm with respect to this issue. Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 et seq.

34. By this Counterclaim, Palm seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '899 Patent and any claim thereof is void and invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

35. A judicial declaration is necessary and appropriate at this time in order that Palm may ascertain its rights and duties with respect to the '899 Patent.

## DEMAND FOR JURY TRIAL

36.  Palm demands a trial by jury of any and all issues triable as of right by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Palm requests that the Court award the following relief:

A.  Dismiss St. Clair's Complaint with prejudice and find that St. Clair takes nothing by its claims;

B.  Enter judgment in favor of Palm and against St. Clair on all claims in the Complaint;

C.  Declare that Palm has not infringed the patents-in-suit or any valid asserted claim therein;

D.  Declare that the patents-in-suit, or some or all of the claims therein, are void and invalid;

E.  Enjoin St. Clair, its assigns, and all those in privity therewith from asserting the patents-in-suit against Palm or any of its customers or suppliers;

F.  Find this case an exceptional case and award Palm attorneys' fees and costs (including expert fees) under 35 U.S.C. § 285; and

G.  Grant such other and further relief as the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Megan C. Haney_
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Megan C. Haney (No. 5016)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*mhaney@ycst.com*

Dated:  December 18, 2009

*Attorneys for Defendant Palm, Inc.*

OF COUNSEL:

David C. Doyle
M. Andrew Woodmansee
Philip A. Morin
Greg Reilly
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
(858) 720-5100

## CERTIFICATE OF SERVICE

I, Megan C. Haney, Esquire, hereby certify that on December 18, 2009, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Frederick L. Cottrell, III, Esquire
Chad M. Shandler, Esquire
Laura D. Hatcher, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

*Attorneys for Plaintiff St. Clair Intellectual Property Consultants Inc.*

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

*Attorney for Petters Group Worldwide, LLC, Polaroid Consumter Electronics, LLC, Polaroid Holding Company and Polaroid Corporation*

John G. Day, Esquire
Ashby & Geddes PA
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

*Attorney for HTC Corp., HTC (BVI) Corp. and HTC America Inc.*

I further certify that on December 18, 2009, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record in this case, on counsel for defendants on the agreed e-mail groups by electronic mail and on the following:

George H. Seitz, III, Esquire
Patricia Pyles McGonigle, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
*gseitz@svglaw.com*
*pmcgonigle@svglaw.com*

*Attorneys for Plaintiff St. Clair Intellectual Property Consultants Inc. in C.A. Nos. 04-1436-JJF-LPS and 06-403-JJF-LPS*

Ronald J. Schutz, Esquire
Annie Huang, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
*ahuang@rkmc.com*
*rjschutz@rkmc.com*

*Attorneys for Plaintiff St. Clair Intellectual Property Consultants Inc.*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Megan C. Haney*
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
Megan C. Haney (No. 5016) [mhaney@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

2