IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | C.A. No. 04-1436-JJF-LPS |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., | |
| Defendants. | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | C.A. No. 06-404-JJF-LPS |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| PALM, INC., ET AL., | |
| Defendants. | |

### PLAINTIFF ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF ROBERT G. STERNE

*Of Counsel:*

Ronald J. Schutz, Esq.
Jake M. Holdreith, Esq.
Becky R. Thorson, Esq.
Carrie M. Lambert, Esq.
Annie Huang, Esq.
Seth A. Northrop, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: April 12, 2010

Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Laura D. Hatcher (#5098)
RICHARDS, LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
shandler@rlf.com
hatcher@rlf.com

*Attorneys for Plaintiff St. Clair Intellectual Property Consultants, Inc.*

RLF1 3559555v.1

## INTRODUCTION

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), pursuant to Federal Rule of Evidence 702, respectfully moves the Court to strike those portions of the Expert Report of Robert G. Sterne (the "Sterne Report") which opine on matters of substantive patent law and provide legal conclusions.[1] It is well-established in this district that if patent law experts are allowed to testify, they may not offer testimony regarding substantive patent law but are instead restricted to Patent and Trademark Office ("USPTO") practices and procedures.[2]

## BACKGROUND

St. Clair filed its Complaint for patent infringement against Defendants Nokia Corp. and Nokia Inc. ("Nokia") on November 9, 2004. (C.A. No. 04-1436-JJF-LPS ("No. 04-1436"), D.I. 1.) St. Clair's Complaint for patent infringement against Defendants H.T.C. Corporation, H.T.C. (B.V.I.) Corporation, and HTC America, Inc. ("HTC") was filed on June 26, 2006. (C.A. No. 06-404-JJF-LPS ("No. 06-404"), D.I. 1.) These cases were stayed for over two years until the Court issued an Order lifting the stay on October 16, 2008. (No. 04-1436, D.I. 157; No. 06-404, D.I. 52.) Subsequently, Defendants' cases were consolidated for discovery[3] and, on November

---

[1] The Sterne Report is Exhibit 1 attached to the Declaration of Chad Shandler In Support of St. Clair Intellectual Property Consultants, Inc.'s Memorandum In Support of Its Motion to Strike Portions of the Expert Report of Robert G. Sterne, filed contemporaneously with this Motion. Throughout this Brief, "Ex. __" refers to exhibits attached to this Declaration. For the convenience of the Court, Exhibit 2 is a copy of the Sterne Report with those portions which opine on substantive patent law, offer legal conclusions, or otherwise exceed the scope of permissible patent law expert testimony highlighted.

[2] Presently, even if Mr. Sterne's testimony is properly restricted as sought by this Motion, it is unclear on what issues Mr. Sterne's testimony would be relevant. Accordingly, St. Clair reserves all rights to seek further limitations regarding Mr. Sterne's testimony based on other grounds, including but not limited to, relevance, confusion, or unfair prejudice through *in limine* practice or otherwise.

[3] The following cases have been consolidated for discovery: St. Clair Intellectual Property Consultants, Inc. v. Samsun Electronics Co., et al. (C.A. No. 04-1436--JJF-LPS); St. Clair Intellectual Property Consultants, Inc. v. Siemens AG, et al. (C.A. No. 06-403-JJF-LPS); St.

1

25, 2008, this Court issued a Scheduling Order for the Related Cases. (No. 04-1436, D.I. 166; No. 06-404, D.I. 71.)

On February 17, 2010, Defendants Nokia and HTC served the Expert Report of Robert G. Sterne (the "Sterne Report"). (Ex. 1.) The Sterne Report states that Mr. Sterne was retained by Defendants to "provide opinions and possible testimony" regarding the *ex parte* reexamination process, including "the relationship between the USPTO and the U.S. Court system, including the Federal Circuit and District Courts."[4] (Ex. 1 at p. 3, ¶ 3.) The Sterne Report should be stricken to the extent it goes beyond the realm of mere USPTO practices and procedures and offers opinions of substantive patent law and provides legal conclusions.[5]

## ARGUMENT

### I. Patent Law Experts Cannot Testify Regarding Substantive Patent Law.

Testimony by patent law experts on substantive issues of patent law is not permitted. *Proctor & Gamble Co. v. Teva Pharm. USA, Inc.*, 2006 WL 2241018, at *1 (D. Del. Aug. 4, 2006) ("This Court excludes testimony by patent law experts on substantive issues of patent law."); *Revlon Consumer Prods. Corp. v. L'Oreal S.A.*, 1997 WL 158281, at *2 (D. Del. Mar. 26, 1997) ("'it is not permissible for a witness to testify as to the governing law'" (testimony on governing law is impermissible since it is the court's duty to explain the law to the jury). This

---

Clair Intellectual Property Consultants, Inc. v. Palm, Inc., et al. (C.A. No. 06-404-JJF-LPS); St. Clair Intellectual Property Consultants, Inc. v. Research In Motion. Ltd., et al. (C.A. No. 08-371-JJF-LPS); and St. Clair Intellectual Property Consultants, Inc. v. Fujifilm Holdings Corp., et al. (C.A. No. 08-373-JJF-LPS) (collectively, the "Related Cases").

[4] Importantly, the legal effect of this "relationship" has previously been addressed by this Court on multiple occasions. (*See, e.g.*, No. 04-1436, D.I. 354 (Memorandum Opinion rejecting Nokia's argument, based in part on the relationship between the USPTO and the Court, that St. Clair's willfulness claim is futile); No. 04-1436, D.I. 719; No. 06-404, D.I. 479 (Memorandum Order adopting claim construction Report and Recommendation and stating that USPTO's statements are not dispositive).)

[5] St. Clair contacted Nokia and HTC requesting that the Sterne Report be withdrawn. (Exs. 3–4.) Nokia stated that they would not withdraw the Sterne Report. (Ex. 5.)

Court thus limits testimony from patent law experts to USPTO practice and procedures. *Proctor & Gamble*, 2006 WL 2241018, at *1.

Within these confines, patent law experts may serve "a very limited role at trial." *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198, 210 (D. Del. 2006). Thus, a patent law expert may at times be permitted to provide "factual recitations concerning practice and procedure in the Patent and Trademark Office," *Lucas Aerospace, Ltd. v. Unison Indus., L.P.*, 2008 WL 5868690, at *1 (D. Del. Sept. 30, 2008), or to "effectively summarize[] the factual record," *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2009 WL 1649414, at *1 (D. Del. June 11, 2009). To the extent a patent expert report goes beyond this limited factual analysis, it should be stricken.

## II. The Sterne Report Contains Impermissible Testimony Regarding Substantive Patent Law And Legal Conclusions That Should Be Stricken.

The Sterne Report goes well beyond the parameters established by this Court governing patent expert testimony, and contains impermissible testimony on substantive patent law as well as legal interpretations, definitions and conclusions. This improper testimony is found in Sections III and IV of the Stern Report. Such testimony should be stricken.

### A. Section III of the Sterne Report.

Section III of the Sterne Report, "*Ex Parte* Patent Reexamination," contains extensive testimony regarding substantive patent law and legal conclusions. Subsection III(A), "Substantial New Question of Patentability," and Subsection III(B), "Claim Interpretation," should be stricken in their entirety as impermissible expert testimony regarding substantive patent law. Subsection III(A) discusses the statutory basis for reexamination proceedings and case law interpreting applicable statutes. (Ex. 1 at pp. 7–9.) Subsection III(B) compares the legal standards applied by the USPTO and district courts for claim construction. (Ex. 1 at pp. 9–

3

10.) Neither is the subject of proper expert testimony. This Court will provide the jury with any instruction necessary regarding claim interpretation or the legal standard applied by the USPTO in considering a request for reexamination. Mr. Sterne's opinion on these matters is, therefore, unnecessary and will not assist the jury in understanding the trial evidence or determining a fact in issue.

Further, certain specific opinions and conclusions set forth in Section III of the Sterne Report should be stricken as exceeding the boundaries of permissible expert testimony. For example:

- * In Paragraphs 17 and 20, Mr. Sterne offers testimony on substantive patent law regarding the purpose and scope of reexamination proceedings and the means of initiating such a proceeding, (Ex. 1 at p. 6–7);

- * Paragraphs 50 through 52 offer Mr. Sterne's conclusions regarding the potential legal effect of any amendments or cancellations that may occur during a reexamination, (*see, e.g.*, "Amendment or cancellation of claim in reexamination may have a substantial impact on a defendant's liability exposure." (Ex. 1 at p. 13)); and

- * In Paragraph 53, Mr. Sterne offers testimony regarding the application of the legal standard for willful infringement in the context of reexamination proceedings. ("[A]n ordinary observer would have perceived a high likelihood that a third-party request for an *ex parte* reexamination would be ordered by the USPTO and that, if a request was ordered, ultimately one or more of those claims would be canceled or amended during the reexamination proceeding." (Ex. 1 at p. 13.))

4

Such opinions on substantive patent law and legal conclusions are expressly prohibited by Federal Rule of Evidence 702 and decisional case law of this Court, and should therefore be stricken.

**B.     Section IV of the Sterne Report.**

Section IV, "Factual Record With Analysis," is similarly objectionable as it contains testimony that goes well beyond the practices and procedures of the USPTO. For example:

* In Paragraph 76, Mr. Sterne opines on the legal conclusions an individual would have drawn based on the reexamination record. ("A person knowledgeable on patent law practice and procedure would have understood . . . . Such a person would have understood . . . . One would have further understood . . . . An ordinary observer would have known . . . ." (Ex. 1 at p. 19).) This opinion is an impermissible attempt by Mr. Sterne to offer testimony on whether Defendants' actions met the legal standard for willful infringement;

* Paragraphs 81 through 84 contain Mr. Sterne's legal conclusions regarding the effect of the reexamination of the patents-in-suit. For instance, Mr. Sterne concludes that the Examiners "most importantly, interpreted the critical claim limitations in the same narrower manner, which was significantly narrower than the Court's construction" and that the USPTO "based its decision [to uphold the validity of the patents-in-suit] on this narrower claim construction," (Ex. 1 at pp. 20–22);

* In Paragraphs 87, 90, 91, and 97, Mr. Sterne offers his legal opinion regarding how the standard for willful infringement should be applied in this case, (*see, e.g.,* "one would have understood that any reconciliation between the USPTO's

5

    construction and the District Court's construction would have to be resolved by the District Court in a future consideration of the claim construction issues . . . or by the Court of Appeals for the Federal Circuit" (Ex. 1 at p. 23, ¶ 90)); and

\*  In Paragraph 96, Mr. Sterne provides his legal analysis of statements made by the Examiners during the reexamination as compared to the claim constructions provided by this Court. ("[The Magistrate Judge's] recommended claim construction was otherwise generally consistent with the prior claim construction rulings . . . . This claim construction is consistently broader than the USPTO's interpretations of the same claim terms . . . ." (Ex. 1 at p. 25.))

Each of these paragraphs goes well beyond the proper limits of patent law expert testimony and should be stricken from the Sterne Report.

## CONCLUSION

The permissible scope of testimony from patent law experts is well-established. Such experts are not permitted to testify regarding substantive patent law but instead are restricted to factual recitations that effectively summarize the factual record. Mr. Sterne's Report goes well beyond these limits and impermissibly offers legal interpretation, legal definitions, and legal conclusions.

For the foregoing reasons, St. Clair respectfully requests the Court strike those portions of the Expert Report of Robert G. Sterne which opine on matters of substantive patent law and provide legal conclusions.

*Of Counsel:*

Ronald J. Schutz, Esq.
Jake M. Holdreith, Esq.
Becky R. Thorson, Esq.
Carrie M. Lambert, Esq.
Annie Huang, Esq.
Seth A. Northrop, Esq.
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: April 12, 2010


Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Laura D. Hatcher (#5098)
RICHARDS, LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
shandler@rlf.com
hatcher@rlf.com

*Attorneys for Plaintiff St. Clair Intellectual Property Consultants, Inc.*

7

RLF1 3559555v.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I further certify that I caused copies of the foregoing to be served on April 12, 2010, in the manner indicated to:

**VIA ELECTRONIC MAIL**

Richard de Bodo
Robert J. Benson
Huan-Yi Lin
Hogan & Hartson
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

David C. Doyle
M. Andrew Woodmansee
Gregory W. Reilly
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

John W. Shaw
Karen Elizabeth Keller
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

  /s/ Laura D. Hatcher
Laura D. Hatcher (#5098)
hatcher@rlf.com

RLF1 3430421v.1